

Direct Dial: (212) 894-6892
Direct Fax:  (212) 370-4453
abattista@condonlaw.com

July 29, 2022

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Klein et al. v. Deutsche Lufthansa AG et al.
 Case No.: 1:22-cv-02957
 C&F Ref: 10493

Dear Judge Cogan:

We represent Defendant Deutsche Lufthansa AG ("Lufthansa") in this matter.  Pursuant to the Order of this Court dated June 27, 2022 [Dkt. 8], we respectfully submit this letter to the Court in advance of the Initial Status Conference scheduled for August 4, 2022, at 10:30 a.m. We have met and conferred with Plaintiffs' counsel on several occasions and have had constructive discussions about that case and drafting a case management plan.  However, we were unable to submit a joint letter because of a lack of feedback from Plaintiffs' counsel.

This is a lawsuit by Chaim Meyer Klein and Mordecai Klein against Lufthansa and various entities associated with Frankfurt Airport for damages Plaintiffs allegedly sustained when they were not permitted to board Lufthansa Flight LH 1334, which operated from Frankfurt, Germany, to Budapest, Hungary.  Plaintiffs allege the denied boarding was the result of discrimination on the basis of their Jewish religion.

The parties agree that this Court has subject matter jurisdiction over this action.  As discussed in greater detail below, Lufthansa submits that this action is governed by the Montreal Convention, a treaty of the United States.  Accordingly, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331.[1]

---

[1] Plaintiffs filed their Amended Complaint on May 25, 2022.  On July 19, 2022, Plaintiffs sent the undersigned a request for waiver of the service of summons, pursuant to Fed. R. Civ. P. 4(m), and the undersigned signed the waiver.  Lufthansa's Answer or Rule 12 Motion is due September 19, 2022.

**Condon & Forsyth LLP**  /  7 Times Square  •  New York, NY 10036
Tel 212.490.9100   /   Fax 212.370.4453   /   condonlaw.com

New York
Los Angeles
Miami

CONDON // FORSYTH

Hon. Brian M. Cogan
July 29, 2022
Page 2

Lufthansa denies that Plaintiffs were denied boarding on the basis of anti-Semitism or any other form of discrimination.  The denied boarding incident that occurred in Frankfurt, Germany, arose as a consequence of a large number of passengers not following crew member instructions on a preceding flight, which, in turn, let to a series of misinterpretations and miscommunications by Lufthansa personnel in Frankfurt.  Lufthansa intends to file a motion to dismiss for failure to state a claim for which relief may be granted because Plaintiffs have not pled a cause of action under a treaty of the United States known as the Montreal Convention, which exclusively governs this action.[2]

The Montreal Convention exclusively governs Plaintiffs' claims because Plaintiffs were engaged in international transportation, as that term is defined by Article 1 of the Montreal Convention, when they were denied boarding at Frankfurt Airport.  Pursuant to Article 29 of the Montreal Convention, the Montreal Convention preempts all claims that arise within the scope of the Convention, regardless of whether such claims sound in tort or contract, and the Convention supersedes state law and policy.  The Montreal Convention "serve[s] as the exclusive mechanism for remedying injuries suffered in the course of international transportation."  *King v. Am. Airlines*, 284 F.3d 352, 357 (2d Cir. 2002); *Vumbaca v. Terminal One Group Ass'n LP*, 859 F. Supp. 2d 343, 363-64 (E.D.N.Y. 2012) (explaining that the Montreal Convention provides the "exclusive" remedy against air carriers and, "[w]hen operative, it preempts all state law claims for damages against air carriers"); *see also Lynda v. JetBlue Airways Corp.*, No. 20-CV-47 (BMC), 2020 WL 3104069, at *2-*4 (E.D.N.Y. June 11, 2020) (dismissing passengers' state law claims as preempted, and permitting delay claims under the Montreal Convention).

For these reasons, it is well-settled that the Montreal Convention preempts state and federal law claims of discrimination in international air transportation in the interest of promoting uniformity, which "requires . . . that passengers be denied access to the profusion of remedies that may exist under the laws of a particular country, so that they must bring their claims under the terms of the Convention or not at all."  *King*, 284 F.3d at 357 (citing *El Al Israel Airlines v. Tseng*, 525 U.S. 155, 175-76 (1999)); *see also Alam v. Am. Airlines Group, Inc.*, No. 16-cv-00251, 2017 WL 1048073, at *5 (E.D.N.Y. Mar. 17, 2017) (explaining that the *King* court "refused to carve out an exception to the Warsaw Convention's preemption clause for discrimination because such an exception 'would eviscerate the uniformity that is the animating purpose behind the Convention'" (quoting *King*, 284 F.3d at 361)).

In this case, Plaintiffs have alleged claims arising from alleged discriminatory behavior during their international transportation.  Such claims fall squarely within the scope of the Montreal Convention.  Accordingly, the Montreal Convention preempts these claims.  Because Plaintiffs

---

[2] Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada, opened for signature on May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27, 400-59, 1999 WL 33292734 (1999).

Hon. Brian M. Cogan
July 29, 2022
Page 3

did not plead a cause of action under the Montreal Convention, their claims should be dismissed. *See New Fortune Inc. v. Apex Logistics Int'l (CN) Ltd.*, No. 21-262-CV, 2021 WL 5499464, at *1 (2d Cir. 2021) (affirming dismissal of claims preempted under the Montreal Convention).

Even if the Court liberally construes the Amended Complaint, Plaintiffs still have not pled allegations which, if accepted as true, would amount to a cognizable claim under the Montreal Convention. Article 17 of the Montreal Convention governs claims for personal injury and provides that a passenger must establish that an "accident" occurred and caused him or her to sustain a bodily injury. Montreal Convention, art. 17(1). Article 17 does not permit recovery of damages for emotional injuries unless such injuries "flow from" a physical injury. *See Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 374-75 (2d Cir. 2004). "Courts in the United States, and abroad, have consistently read the Convention to preclude recovery for purely psychic injuries." *See Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 303 (E.D.N.Y. 2013), *aff'd,* 578 F. App'x 51 (2d Cir. 2014); *King*, 284 F.3d at 359 (noting that plaintiffs "would not be able to maintain an action under Article 17 for non-bodily injuries stemming from the discriminatory bumping" from their flight); *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 495 (S.D.N.Y. 2009) (same); *see also Lynda*, 2020 WL 3104069, at *3 (dismissing claim for intentional infliction for emotional distress because the Montreal Convention "does not permit compensation for purely emotional injuries").

Here, Plaintiffs have alleged that they sustained emotional injuries. They have not alleged that they sustained bodily injuries. Accordingly, Plaintiffs have not alleged that they sustained a compensable injury under Article 17 of the Montreal Convention, and Lufthansa submits they are unlikely to do so if given the opportunity further amend the Complaint. For these reasons, Plaintiffs' claims should be dismissed.

Under Article 19 of the Montreal Convention, an air carrier is liable for a passenger's provable injuries that are caused by delay. Montreal Convention, art. 19. "Emotional harms are not compensable under Article 19" (*Vumbaca*, 859 F. Supp. 2d 367), and Article 29 of the Montreal Convention bars recovery of punitive damages. Montreal Convention, art. 29. Pursuant to Article 22 of the Montreal Convention, a passenger may recover provable damages for delay, up to a maximum of 5,346 Special Drawing Rights – approximately $7,040 at current exchange rates. Accordingly, Plaintiffs' individual maximum recovery under the Montreal Convention is a little over $7,000 based on the damages they can prove were incurred.

Finally, Lufthansa submits that, notwithstanding the exclusivity of the Montreal Convention, Plaintiffs could not maintain the claims they have alleged under various federal laws because the facts as alleged do not support a colorable claim under those laws. First, Plaintiffs' claims under Title VI of the Civil Rights Act (Count I) cannot be sustained because Title VI applies only to those incidents that occur "in the United States" and only with respect to those organizations that "receive Federal financial assistance." 42 U.S.C. § 2000d. The Complaint does not contain any



Hon. Brian M. Cogan
July 29, 2022
Page 4

allegation that any discriminatory conduct occurred in the United States, nor is there any allegation that Lufthansa receives federal assistance. *See Nektalov v. Kuwait Airways Corporation*, No. 15-cv-0033, 2016 WL 5678549, at *9 (E.D.N.Y. Sept. 30, 2016) (holding that an air carrier's practice of regularly landing at JFK Airport, which receives federal financial assistance, did not render the carrier a recipient of such funding, but, rather, a mere beneficiary of the funding provided to the Port Authority of New York and New Jersey) (citing *U.S. Dep't of Transp. v. Paralyzed Veterans of America*, 477 U.S. 597, 607 (1987)); *see also Brannon v. Delta Airlines, Inc.*, 434 F. Supp. 3d 124, 138 (S.D.N.Y. 2020) (dismissing a claim under Title VI where plaintiff failed to allege or establish a nexus between any federally funded program or activity and the alleged discrimination). Therefore, this claim should be dismissed.

Second, Plaintiffs' claims under Title VII of the Civil Rights Act (Count II) cannot be sustained because Title VII prohibits discrimination in "employment practice[s]." 42 U.S.C. § 2000e-2(a). Title VII applies to conduct by employers against their employees; where there is no employment relationship between the parties, there cannot be a Title VII claim. *See Kampfer v. Buchanan*, No. 1:10-cv-1234, 2011 WL 691647, at *3 (N.D.N.Y. Feb. 18, 2011) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006)). In this case, Plaintiffs do not allege that they have an employment relationship with Lufthansa; rather, they have alleged that Lufthansa's employees discriminated against them. This is not a basis for a claim under Title VII. Therefore, this claim should be dismissed.

Finally, Plaintiffs allege violations of 22 U.S.C. §§ 2731 and 6412 (Count III). These statutes direct the Secretary of State to establish an "Office to Monitor and Combat anti-Semitism" and prepare an "Annual Report on International Religious Freedom." These statutes do not provide a private right of action to litigants who allegedly experience anti-Semitism. For these reasons, these claims should be dismissed.

The parties thank the Court for its consideration.

Respectfully submitted,

Anthony U. Battista

AUB:mnl

cc: Scott C. Levenson, Esq.