

Direct Dial: (212) 894-6892
Direct Fax:  (212) 370-4453
abattista@condonlaw.com

September 14, 2022

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Klein et al. v. Deutsche Lufthansa AG et al.
           Case No.: 1:22-cv-02957
           C&F Ref: 10493

Dear Judge Cogan:

We represent Defendant Deutsche Lufthansa AG ("Lufthansa") in this matter. In accordance with Your Honor's Individual Rule of Practice III(A)(2), we respectfully submit this letter to request a pre-motion conference in advance of filing a motion to dismiss the Second Amended Complaint for failure to state a claim for which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

As the Court is aware, this is a putative class action lawsuit by Plaintiffs Chaim Meyer Klein and Mordecai Klein against Lufthansa and various entities associated with Frankfurt Airport for damages Plaintiffs allegedly sustained when they were not permitted to board Lufthansa Flight LH 1334, which operated from Frankfurt, Germany, to Budapest, Hungary, on May 4, 2022. Plaintiffs allege the denied boarding was the result of discrimination on the basis of their Jewish religion.

On August 22, 2022, the Court dismissed the First Amended Complaint on the ground that Plaintiffs' claims were preempted by the Montreal Convention. Dkt. 14. In particular, the Court held that Plaintiffs' claims fell within the substantive scope of Article 17 of the Montreal Convention because the injury-causing event took place during embarkation. *Id.* The Court directed Plaintiffs to file an amended complaint if they "wish to pursue a claim under the Montreal Convention." *Id.* Plaintiffs timely filed the Second Amended Complaint on September 1, 2022.

**Condon & Forsyth LLP** / 7 Times Square / New York, NY 10036
Tel 212.490.9100 / Fax 212.370.4453 / condonlaw.com

New York
Los Angeles
Miami

CONDON // FORSYTH

Hon. Brian M. Cogan
September 14, 2022
Page 2

Lufthansa now respectfully requests that the Court hold a pre-motion conference so that it may file a motion to dismiss the Second Amended Complaint for failure to state a claim under the Montreal Convention.

As the Court noted in its Decision and Order, a passenger cannot sustain a claim under Article 17 for "non-bodily injuries" arising from discriminatory denied boarding. Dkt. 14 (citing *King v. Am. Airlines, Inc.*, 284 F.3d 352, 359 (2d Cir. 2002); *see also Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 374-75 (2d Cir. 2004) (holding that Article 17 does not permit recovery of damages for emotional injuries unless they "flow from" a physical injury); *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 303 (E.D.N.Y. 2013), *aff'd,* 578 F. App'x 51 (2d Cir. 2014) (explaining that courts uniformly "read the Convention to preclude recovery for purely psychic injuries"); *Lynda*, 2020 WL 3104069, at *3 (dismissing claim for intentional infliction for emotional distress because the Montreal Convention "does not permit compensation for purely emotional injuries").

In the Second Amended Complaint, Plaintiffs have asserted that they have experienced "racing heart beats, nausea, sweating, and cramping" (Dkt. 15 ¶ 42), though they assert they do not know whether these symptoms were caused by their emotional distress or vice versa. *Id.* ¶ 44. Regardless, the Eastern District of New York has held that symptoms such as headache, nausea, discomfort, and stomachache "are not compensable" under Article 17 because they do not constitute a "bodily injury." *Vumbaca v. Terminal One Group Ass'n L.P.*, 859 F. Supp. 2d 343, 366 (E.D.N.Y. 2012).

Additionally, the *Kruger* court commented that "courts in this and other circuits have found that a claim under Article 17 cannot be based on physical symptoms that are result of emotional injury or distress." 976 F. Supp. 2d at 323 (citing *Turturro v. Cont'l Airlines*, 128 F. Supp. 2d 170 (S.D.N.Y. 2001) (holding that shortness of breath, sleeplessness, and inability to concentrate, which arose from emotional distress, were not compensable as psychosomatic injuries); *Carey v. United Airlines, Inc.*, 77 F. Supp. 2d 1165, 1168-71 (D. Or. 1999) (holding that "[n]ausea, cramps, perspiration, nervousness, tension, and insomnia," which were caused by public humiliation, were not recoverable under Article 17); *Hermano v. United Airlines*, C99-0105, 1999 WL 1269187, at *4 (N.D. Cal. Dec. 21, 1999) (holding that headaches, panic attacks, and heart palpitations, which arose from the wrongful removal from the aircraft, were not "physical injuries" under the Warsaw Convention)).

The symptoms Plaintiffs identify in the Complaint do not rise to the level of a "bodily injury" as that term has been interpreted by the courts. Accordingly, Plaintiffs have not alleged that they sustained a compensable injury under Article 17 of the Montreal Convention. For these reasons, Plaintiffs have not stated a cognizable claim under Article 17 of the Montreal Convention, and their claims should be dismissed.

CONDON // FORSYTH

Hon. Brian M. Cogan
September 14, 2022
Page 3

Plaintiff appears to have asserted a claim under Article 19 of the Montreal Convention by styling Count II as alleging "Delay- Montreal Convention–¶19." In the Decision and Order dismissing the First Amended Complaint, the Court explained that Plaintiffs' claims are preempted because the subject incident falls within the substantive scope of Article 17 of the Montreal Convention and, therefore, the Court would not determine whether Article 19 also preempts Plaintiffs' claims. Dkt. 14 at 6 n.4. Nevertheless, Lufthansa submits that to the extent the Court permits Plaintiffs to proceed with a claim for delay under Article 19, then Plaintiffs' damages are limited to 5,346 Special Drawing Rights (approximately $6,975 at current exchange rates) pursuant to Article 22 of the Montreal Convention and any claimed damages above this amount should be dismissed.

Finally, Courts III through VII seek damages under state and federal law, despite the Court's Decision and Order holding that such claims are preempted by the Montreal Convention. Accordingly, these claims should be dismissed.

For the foregoing reasons, Lufthansa respectfully requests that this Court hold a pre-motion conference and permit Lufthansa to file a motion to dismiss.

Lufthansa thanks the Court for its consideration.

Respectfully submitted,

*[signature]*

Anthony U. Battista

AUB:mnl

cc:  Scott C. Levenson, Esq.