September 30, 2022

The Honorable Brian M. Cogan

United States District Court

Easter District of New York

225 Cadman Plaza East

Brooklyn, New York 11201

**Re: Klein et. al. v. Deutsche Lufthansa AG et al.**

**Case No. 1:22-cv-02957**

**C&F Ref.: 10493**_____

Dear Judge Cogan,

My firm represents the Plaintiffs in this above-referenced matter. I respectfully submit this letter in response to Defendant Deutsche Lufthansa AG's ("Lufthansa") letter requesting a pre-trial motion conference seeking to file a motion to dismiss the Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Please note at the outset that Plaintiffs have been working with Defendants and have verbally agreed to a settlement in this matter. Plaintiffs were under the impression that the deadline to comply was today, September 30, 2022, and have had trouble receiving ECF notifications throughout the case. Plaintiffs would respectfully request that sanctions be lifted as we intend to have a notice of the settlement to the Court as soon as possible and mistakenly believed that today was the deadline for the letter below.

The matter is before the Court as a putative class action lawsuit by Plaintiffs Chaim Meyer Klein and Mordecai Klein, who sustained bodily injuries and emotional damages resulting from an incident that occurred after Plaintiffs' flights were cancelled by Lufthansa, a German airline, based on race, to prevent the gathering of thousands of Jewish people seeking to visit the memorial of a globally known Jewish Rabbi.

Overall, it is Plaintiffs' position that Lufthansa's objections to Plaintiffs claims are premature and would be much more appropriate after discovery has occurred. Thus, litigating a motion to dismiss would be without value and the parties, as well as the Court would benefit greatly if Lufthansa raised its concerns in a motion for summary judgment, as most Article 17 cases cannot be resolved until after a full inquiry into the nature of the plaintiff's injuries.

Lufthansa raises three issues with the Complaint in the letter. First, Lufthansa asserts that the Complaint does not sufficiently allege injury that arise to "bodily injury" under Article 17 of the Montreal Convention. Second, Lufthansa asserts that Plaintiffs' second claim, pursuant to Article

Page 2

19, alleges damages that are beyond the limits of the Montreal Convention. Third, Lufthansa asserts that count III and IV are preempted by the Montreal Convention.

## Fed. R. Civ. P. 12(b)(6) Standard

A complaint must only plead with plausibility and does not require certainty to survive a motion pursuant to R.12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The nonmoving party enjoys the benefit of all doubts being ruled in its favor. *Id.* Further, all facts alleged in the complaint are assumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So long as a complaint pleads a plausible cause of action, R. 12(b)(6) does not deprive a party of the opportunity to litigate its claims and move forward with discovery. *Id.*

## Claim Under Article 17 of the Montreal Convention

The Second Amended Complaint ("Complaint") can withstand a motion to dismiss without question. To sufficiently plead a cause of action under Article 17 of the Montreal Convention, a complaint must only plead the following: (1) an accident; (2) the accident took place on board an aircraft or in the course of operations of embarking or disembarking an aircraft; (3) the plaintiff suffered death or "bodily injury"; and (4) the accident caused the plaintiff's injury. *Olympic Airways v. Husain*, 540 U.S. 644, 645 (2004). Accident, location, and causation are not in reasonable dispute in the present matter and Lufthansa has not raised issue with these elements.

Lufthansa's only concern with the Complaint is "bodily injury.". Although purely mental damages alone do not rise to "bodily injury," a physical manifestation of emotional distress does constitute a "bodily injury." Eastern *Airlines, Inc. v. Floyd*, 499 U.S. 530, 552 (1991) (holding death, physical injury or physical manifestation of injury as recoverable damages under Article 17). In addition, mental damages must be considered if the mental damages are accompanied by bodily injury. *Ehrlich v. American Airlines,* 360 F.3d 366, 400 (2d Cir 2004). Moreover, bodily injury by physical manifestation can ensue from severe emotional distress. *Id.*

Courts have upheld cramps, nausea, and general weakness as physical manifestation of injury and thus "bodily injury" in terms of Article 17. *See Chendrimada v. Air-India*, 802 F. Supp. 1089, 1091 (S.D. N.Y. 1992) (cognizable claim included injuries such as "became weak, experienced nausea, suffered severe cramps, pain, and anguish and suffered malnutrition *as well as mental injury* (emphasis added)). Some courts have further upheld physical changes as a result of emotional distress to constitute "bodily injury." *See Weaver v Delta Airlines Inc*. (1999) 56 F. Supp 2d 1190 ( D. Mont. 2002).

It is important to point out that the analysis of bodily injury relies upon the injury itself, and the nature of the accident is irrelevant to the injuries. *Chendrimada v. Air-India*, 802 F. Supp. 1089, 1091 (S.D. N.Y. 1992). For example, denied boarding may not result in bodily injury in one incident but this does not preclude bodily injuries under an identical accident. *See Id.* In other words, a court cannot conclude whether a certain type of accident results in bodily injury as a matter of law but rather, the injuries sustained is a question of fact. *See Chendrimada v. Air-India*, 802 F. Supp. 1089, 1091 (S.D. N.Y. 1992). *See also, Rossman v. Trans. World Airlines, Inc.*, 34 N.Y.2d 385 (N.Y. 1985).

In the present case, Plaintiffs have plead a cause of action under Article 17 sufficiently to withstand objections pursuant to R. 12(b)(6). The Complaint spells out as specific as the Plaintiffs can be that they suffered physical manifestation such as cramps, changes in the

cardiovascular system, nausea, and other physical changes that would take an expert in discovery to define. (Compl. ¶ 42-45). Overall, Plaintiffs have met the burdens to withstand R. 12 (b)(6) and are entitled to discovery for their claims to be substantiated or negated in evidence.

Lufthansa's letter presents a few cases that show that some courts do not find "bodily injury" in every wrongdoing. However, the cases that Lufthansa relies upon were not determined under R. 12(b)(6) but were decided after discovery has occurred, and only after the full extent of the Plaintiff's injuries were known. Plaintiffs were ultimately given the opportunity through discover to examine the nature of the injuries.

Overall, a motion to dismiss would be premature for the Court to make a determination on Plaintiffs' injuries. If discovery should lead to evidence that contradicts Plaintiffs' purported facts, then Lufthansa may address this at trial or a motion for summary judgment,

### Claim Under Article 19 of the Montreal Convention

Plaintiffs have sufficiently plead damages pursuant to Article 19. Although a provision exists that limits how much a plaintiff may recover under Article 19, this limit is void when the damages occur as a result of "willful conduct" or "recklessness." *See Shah v. Pan American World Services, Inc.,* 148 F. 3d 84, (2d Cir. 1988); *See* Montreal Convention art. 22 sect. 5. In such cases, carriers have no limit on the amount of liability that they may be subject to. *Id.* In the present case, Plaintiff has sufficiently alleged willful misconduct and/or recklessness alleging that the conduct was willful and motivated by race and religion and that the carrier's employees knew of their misconduct. (Compl. ¶ 90-94)

### Additional Counts

Lastly, Lufthansa asserts that Plaintiffs' state law claims are preempted by the Montreal Convention. Plaintiffs respectfully requests that the Court certify the issue for appeal pursuant to 28 U.S.C. 1292(b) as the claims clearly "involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

### Conclusion

For the foregoing reasons, a dipositive motion is premature. Plaintiffs have sufficiently pleaded its case and damages. If Lufthansa is skeptical of the credibility, it may dispute the truth of the facts at trial or after discovery.

Respectfully Submitted,

*Scott C. Levenson*

Scott Levenson, Esq.


CC: Anthony U. Battista